IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Richard E. Rettew, Madilon C. Ashley, Tom Cambell, Ann Neill Cambell, Geddes Dowling, III, Don M. Houck, 23 Newport Inc., Judy Kole, David Lawler, Allison Lawler, Vaughn Leslie, Margaret Leslie, Ron Maddox, Greta Maddox, Guy Matthews, Susan Matthews, Debbie McCarty, Merritt Paterson, Sara Steinmeyer,<br><br>      Plaintiffs,<br><br>  vs.<br><br>The South Carolina Department of Parks, Recreation and Tourism,<br><br>      Defendant. | C/A No. 9:10-0282-MBS<br><br><br><br><br><br><br><br><br>**OPINION AND ORDER** |

Plaintiffs Richard E. Rettew; Madilon C. Ashley; Tom Cambell; Ann Neill Cambell; Geddes Dowling, III; Don M Houck; 23 Newport Inc.; Judy Kole; David Lawler; Allison Lawler; Vaughn Leslie; Margaret Leslie; Ron Maddox; Greta Maddox; Guy Matthews; Susan Matthews; Debbie McCarty; Merritt Patterson; and Sara Steinmeyer lease property on Hunting Beach, Beach Village, Beaufort County, South Carolina from Defendant South Carolina Department of Parks, Recreation and Tourism (PRT). Plaintiffs filed the within action in the Court of Common Pleas for Beaufort County, South Carolina on December 30, 2009, alleging that PRT has made decisions over the past several years that have resulted in diminution of the value of Plaintiffs' leasehold interests. Plaintiffs assert causes of action for: (1) unconstitutional taking; (2) violation of due process; (3) violation of equal protection; (4) breach of contract; (5)

breach of covenant of good faith and fair dealing; (6) breach of fiduciary duty; (7) waste; and (8) negligence. Plaintiffs seek damages, declaratory relief, and attorneys' fees and costs.

PRT removed the case to this court on February 5, 2010 based upon federal question jurisdiction. Plaintiffs filed a motion to remand on February 25, 2010 (Entry 10), to which PRT filed a response in opposition on March 15, 2010. Plaintiffs filed a reply in support of their motion to remand on March 19, 2010, to which PRT filed a surreply on March 26, 2010.

## I. FACTS

Plaintiffs allege that they have constructed or purchased houses on their leased lots on Hunting Beach and also have sub-let their houses to visitors. According to Plaintiffs, PRT, a state agency, is manager of Hunting Beach. Plaintiffs allege that in 1988, a beach nourishment fund was created by which PRT was provided funds to study and renourish the beach at Hunting Beach. PRT engaged an engineering firm to make recommendations regarding renourishment. Reports were generated in 1991 and 1998. In 2003 and 2005, the United States Army Corps of Engineers (the "Corps") nourished Hunting Island beach. According to Plaintiffs, the Corps relied upon PRT to make an adequate investigation of the impact of the renourishment, but PRT failed to do so. Plaintiffs contend that they never were given public notice of the efforts of PRT and the Corps or the potential consequences to their property. Plaintiffs further allege that in 2004, PRT made application for state and federal permits to renourish the beach and to build protective groins on the beach. Plaintiffs contend that they did not receive notice of the applications. Plaintiffs contend that PRT unilaterally decided that the terminal groin and borrow area on the south area of the project would be abandoned. PRT subsequently amended its application, reducing the number of groins from nine to six and reducing the renourishment effort by one-half. Plaintiffs allege that PRT performed no studies regarding how the reduced

2

project would impact their properties. Plaintiffs contend that they received no notice of the amended permits and were unable to appeal them timely. Plaintiffs allege that PRT's mismanagement has resulted in rapid erosion of the beach, damage to Plaintiffs' houses, diminution of the value of their properties, and loss of rental income.

### III. DISCUSSION

The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Therefore, PRT bears the burden in this instance. "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Id. (citing Shamrock Oil & Gas Corp v. Sheets, 313 U.S. 100 (1941)). When federal jurisdiction is doubtful, a remand is necessary. Id.

Title 28, United States Code, Section 1331 provides that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs allege, in addition to state law claims, violations of the Fifth and Fourteenth Amendments. Thus, PRT removed the action pursuant to 28 U.S.C. §§ 1441 and 1443. Section 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such

State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Law/Analysis

The within action involves PRT, an agency of the State of South Carolina, as Defendant. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment also establishes that a state is immune from suits brought in federal court by her own citizens. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). However, the Eleventh Amendment bar to suit is not absolute. A state may consent to suit in federal court. Id. (citing cases).

Plaintiffs contend that PRT, acting as an arm of the State of South Carolina, is treated as the state itself for Eleventh Amendment purposes.[1] Accordingly, Plaintiffs assert that the court lacks subject matter jurisdiction because the Eleventh Amendment prohibits the court from adjudicating claims for money damages against PRT.

---

[1] The Eleventh Amendment does not automatically protect agencies of the state from liability. Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 59 (1994). Where an agency is "so structured that, as practical matter, if the agency is to survive, a judgment must expend itself against state treasuries, common sense and the rationale of the eleventh amendment require that sovereign immunity attach to the agency." Id. at 50 (quoting Morris v. Washington Metro. Area Transit Auth., 781 F.2d 218, 227 (D.C. Cir. 1986)). It is undisputed that PRT draws from the South Carolina treasury for its operating costs. The court concludes that, as a state agency, PRT is treated as the state itself for the purposes of the Eleventh Amendment, and thus shares the same immunity. See Hess, 513 U.S. at 59.

4

Citing <u>Lapides v. Board of Regents</u>, 535 U.S. 613 2002, PRT asserts in response that its voluntary appearance in federal court amounts to a waiver of Eleventh Amendment immunity. Plaintiffs contend to the contrary that PRT does not possess the authority to waive South Carolina's Eleventh Amendment immunity. Plaintiffs note that PRT is a creature of statute and possesses only the powers specifically granted to it by S.C. Code Ann. § 51-1-60. Plaintiffs argue that the General Assembly is the sole gatekeeper of the state's treasury, and it has not relinquished control of State immunity from federal suit into the hands of state agencies such as PRT. Plaintiffs contend that the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-20(e), expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity from suit in federal court. Moreover, according to Plaintiffs, PRT counsel, as private attorneys, lack the capacity to waive Eleventh Amendment immunity.

Given the procedural posture of this case, Plaintiffs' arguments do not support a motion to remand. Plaintiffs cannot assert Eleventh Amendment immunity on behalf of PRT. Eleventh Amendment immunity is a defense reserved only for a state actor; it may not be invoked by a plaintiff to control the forum. <u>Gustin v. W. Va. Univ.</u>, 63 F. App'x 695, 698 (4th Cir. 2003).

The court concludes that PRT is bound by its contention that it has consented to suit in this court.[2] PRT has met its burden of establishing federal question jurisdiction under 28 U.S.C. §§ 1441 and 1443. Plaintiffs' motion to remand is denied.

### III. CONCLUSION

For the reasons stated, Plaintiffs' motion to remand (Entry 10) is **denied**. Plaintiffs'

---

[2] The court expresses no opinion as to whether PRT or its counsel have the authority to waive Eleventh Amendment immunity.

request for attorneys' fees incurred in connection with their motion to remand also is denied.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 16, 2010.